NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000924
04-MAR-2013
10:21 AM

NO. CAAP-12-0000924

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GLORIA RAQUEDAN, Plaintiff-Appellant, v.
BRIGIDO DAPROZA and AURELIO S. AGCAOILI, Defendants-Appellants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1587)


ORDER DENYING FEBRUARY 15, 2013 MOTION TO EXTEND TIME TO FILE
REPLY BRIEF AND ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellant Gloria Raquedan's (Appellant Raquedan) February 15, 2013 motion to extend time to file a reply brief, (2) the lack of any opposition by Defendants-Appellees Brigido Daproza (Appellee Daproza) and Aurelio S. Agcaoili (Appellee Agcaoili) to Appellant Raquedan's February 15, 2013 motion to extend time to file a reply brief, and (3) the record on appeal, it appears that we do not have jurisdiction over this appeal that Appellant Raquedan has asserted from the Honorable Edwin C. Nacino's August 27, 2012 "Order Denying Plaintiff's Motion for Reconsideration of Judge[']s Order Denying Plaintiff's Non-Hearing Motion to Set Aside Order Granting Defendant's Motion for Attorney Fees Dated March 20, 2012" (hereafter "the August 27, 2012 order regarding the award of attorneys' fees and costs"), because the circuit

court has not yet entered a final judgment, as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2012) and Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) require for an appeal under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawaiʻi requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawaiʻi has noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

On November 1, 2012, the record on appeal was filed for appellate court case number CAAP-12-0000924, which does not contain a final judgment. Granted, the circuit court has entered an October 18, 2011 order granting Appellee Daproza and Appellee Agcaoili's motion for summary judgment. Nevertheless, the Supreme Court of Hawaiʻi has consistently held that, "based on

2

Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Although Appellant Raquedan purports to be appealing from the August 27, 2012 order regarding the award of attorneys' fees and costs, "such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). Consequently, "[a] circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Id. (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). "Absent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto v. Au, 95 Hawai'i at 123, 19 P.3d at 706; CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i at 306, 22 P.3d at 102 ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them."). Therefore, in the absence of a final judgment, the circuit court's August 27, 2012 order regarding the award of attorneys' fees and costs is not eligible for appellate review. Absent an appealable final judgment in this case, Appellant Raquedan's appeal is premature and we lack jurisdiction over appellate court case number CAAP-12-0000924. Accordingly,

3

IT IS HEREBY ORDERED that we deny Appellant Raquedan's February 15, 2013 motion to extend time to file a reply brief, and we dismiss appellate court case number CAAP-12-0000924 for lack of jurisdiction.

DATED: Honolulu, Hawai'i, March 4, 2013.

Chief Judge

Associate Judge

Associate Judge